**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

**UNITED STATES OF AMERICA,**

      Plaintiff,

     v.                                              **Case No. 11-Cr-191**

**CHARLES HENDERSON,**

      Defendant.

## DECISION AND ORDER

Following the May 27, 2014, order of the Seventh Circuit Court of Appeals dismissing Defendant Charles Henderson's ("Henderson") appeal because judgment has not been entered, this matter is before the Court on Henderson's motion and supplemental motion to withdraw his guilty plea. In a nutshell, Henderson asserts that he should be allowed to withdraw his guilty plea because the Government breached the plea agreement by failing to file the information required by that agreement. (*See* ECF Nos. 410, 412, 428.)

While conceding that it failed to file the information and that no waiver of indictment was executed or filed, the Government counters that Henderson has provided no authority for withdrawal of the plea agreement after the sentence has been imposed, and that Henderson has waived the argument because he did not object to the plea agreement or move to withdraw his plea prior to or at the time of his sentencing.

(ECF No. 411.)

The Government asserts, however, that specific performance would be an appropriate remedy and suggests two options. One option is for the Court to enter judgment on the indictment only as to the violation of the conspiracy to distribute 280 grams or more of cocaine base or "crack" cocaine, and omit the language "5 kilograms or more of a mixture and substance containing cocaine."[1] (Resp. 1, 4-5.) The second proposed option is that the Government file the information, as contemplated in the plea agreement, together with a request that its filing be accepted *nunc pro tunc* to March 29, 2013, the date Henderson pled guilty. The second option would require that Henderson re-appear in Court and re-enter his guilty plea, which the Government observes he does not seem inclined to do.

In reply, Henderson asserts that the "cleanest" way to remedy the breach is to allow him to withdraw the plea; however, barring that, he would like the opportunity to accept specific performance of the plea agreement. (ECF No. 412.) In his supplement, Henderson requests a hearing on his motion to withdraw his guilty plea, and argues that he must be allowed to withdraw his plea because it was not entered knowingly, intelligently, and voluntarily, and that the error made accepting his plea to the indictment rather than the information was not harmless and could prejudice him in the future. (ECF No. 428.)

---

[1] The Government does not mention the marijuana which was included in the drug conspiracy charge of Count One of the indictment and was to be included in the information. (*See* Indictment ¶ 2; Plea Agreement ¶ 4.) (ECF Nos. 1, 198.)

## Analysis

A plea agreement is a form of contract. *United States v. Hallahan,* 744 F.3d 497, 507 (7th Cir. 2014). Consequently, disputes over plea agreements are "viewed through the lens of contract law." *Id.* (citation omitted.) "A breach of a plea agreement by the prosecutor is actionable, and the general rule is that where such a breach has been shown, the defendant is entitled to either specific performance or rescission, i.e., withdrawal of the plea." *Id.* (citing *Santobello v. New York,* 404 U.S. 257, 263, (1971); *United States v. Grimm,* 170 F.3d 760, 765 (7th Cir. 1999)). *See also, United States v. Diaz-Jimenez,* 622 F.3d 692, 694 (7th Cir. 2010).

However, Rule 11(e) of the Federal Rules of Criminal Procedure provides "[a]fter the court imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack." *United States v. Vinyard,* 539 F.3d 589, 595 (7th Cir. 2008), addressed the meaning of "after the court imposes sentence," holding that "[o]ral pronouncement of the sentence triggers the bar" on a defendant's withdrawal of a guilty plea. *Vinyard* held that the district court was incorrect in acting as if the sentence was imposed for Rule 11 purposes only when a written judgment was filed. *Id.*

Although no written judgment has been entered, the Court imposed Henderson's sentence at the August 14, 2013, sentencing hearing. Consequently, Rule 11(e) precludes the Court from allowing Henderson to withdraw his plea. *See id. See also United States v. Garduño,* 506 F.3d 1287, 1290 (10th Cir. 2007); *United*

*States v. McGill,* 09CR2856-IEG, 2012 WL 1409536, at *3 (S.D. Cal. Apr. 23, 2012), aff'd, 11-50519, 2014 WL 1047657 (9th Cir. Mar. 19, 2014).

Henderson has presented no authority to the contrary. Henderson suggests that the errors made in this case are analogous to those in *United States v. Bradley*, 381 F.3d 641 (7th Cir. 2004). However, *Bradley* involved an appeal from the denial of a motion to withdraw a plea that was filed *prior* to the defendant's sentencing and was governed by Rule 11(d)(2)(B). Henderson's motion is governed by Rule 11(e) requiring that he raise the issue on appeal or collateral attack. Since this Court may not allow Henderson to withdraw his plea, there is no reason to hold an evidentiary hearing. Henderson's motion is denied. The Government's options for specific performance are also denied as being part and parcel of that motion.

**Entry of Judgment**

To date, there has been no entry of judgment and having considered the history of this action — including the terms of the plea agreement, the plea hearing, and the sentencing — it is difficult to formulate one. The Court sentenced Henderson to 120 months of incarceration and 5 years of supervised release on the information. (Sentencing Tr. 6, 15) (ECF No. 406). However, no information was ever filed, nor was any waiver of indictment. The Court also granted the government's motion to dismiss the indictment. *Id.* at 17. (S*ee also* ECF No. 353.)

Having considered this conundrum, the Court vacates its prior dismissal of the indictment. Furthermore, the Court directs the Clerk of Court to enter judgment on

count one of the indictment for the violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 by conspiring to distribute 280 grams or more of a mixture and substance containing cocaine base in the form of "crack" cocaine, a Schedule II controlled substance, and marijuana, a Schedule I controlled substance. The judgment should not include the following language of count one: "5 kilograms or more of a mixture and substance containing cocaine, a Schedule II controlled substance." The judgment must include the sentence of 120 months of incarceration and 5 years of supervision, and the proviso that Henderson should be given credit for time served.

The elimination of "5 kilograms or more of a mixture and substance containing cocaine, a Schedule II controlled substance" from the conspiracy charge reflects the subsequent plea agreement and sentencing proceedings and is a variance from the grand jury indictment. *See United States v. Neighbors*, 590 F.3d 485, 498 (7th Cir. 2009); *United States v. Tello,* 687 F.3d 785, 789 (7th Cir. 2012).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Henderson's motion and supplemental motion to withdraw his guilty plea (ECF Nos. 410, 428) are **DENIED**;

The Court's August 14, 2013, Order dismissing the Indictment against Henderson is **VACATED**; and

The Clerk of Court is directed to enter a criminal judgment against Henderson on count one of the indictment for the violation of 21 U.S.C. §§ 841(a)(1),

841(b)(1)(A), and 846 by conspiring to distribute 280 grams or more of a mixture and substance containing cocaine base in the form of "crack" cocaine and marijuana. The judgment must include the sentence of 120 months of incarceration and 5 years of supervision, and the proviso that Henderson should be given credit for time served.

Dated at Milwaukee, Wisconsin, this 30th day of May, 2014.

BY THE COURT:

*Rudolph T. Randa*

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**